ECF CASE
JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
**J & J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the **May 5, 2007 DeLaHoya/Mayweather** Program,

                    Plaintiff,

-against-

JUAN C. MORENO and LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT,

and

SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT,

                    Defendants.
-----------------------------------------------------------------

**PLAINTIFF'S MEMORANDUM OF LAW**

Civil Action No.08-CV-952-SAS-JCF
HON. SHIRA A. SCHEINDLIN

Plaintiff submits the following in support of its request for an award of damages against the Defendants, **JUAN C. MORENO and LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT, and SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT.**

**FACTS**

The relevant facts can be briefly stated and are fully set forth in the accompanying

exhibits and Plaintiff's underlying Complaint. Plaintiff, J & J Sports Productions, Inc., commenced this action on January 29, 2008, alleging that the Defendants hereto knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §553, 605, *et seq*. The Complaint, ECF document No. 1, alleges that the Defendants, unlawfully intercepted and exhibited the DeLaHoya/Mayweather pay-per-view boxing event on May 5, 2007 ( hereafter the "Program").

Copies of the Summons and Complaint were served on Defendants**, JUAN C. MORENO and LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT, and SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT** as set forth in the proofs of service which were filed with the Court on February 21, 2008, ECF documents Nos. 2, 3 and 4.

As the Complaint and the Affidavit of Plaintiff's President, Joseph Gagliardi, submitted simultaneously both reveal, Plaintiff owns the distribution rights to the May 5, 2007 program, which was broadcast either by closed circuit television or by encrypted satellite signal. For a fee, commercial establishments could legitimately receive an unscrambled signal, enabling them to view the program by contracting with the Plaintiff. However, through the use of methods that required the performance of some deliberate and willful act, potential purchasers, such as the Defendants herein, illegally obtained programs without paying the Plaintiff for the rights to exhibit said event.

In order to combat the serious erosion of market sales caused by such piracy, Plaintiff hired investigative agencies to retain independent auditors to visit various locales in the New

York City area on the night of May 5, 2007, to see whether these establishments were intercepting and publicly displaying the Program without authorization from, or payment to, Plaintiff and its affiliates.

The auditors visited numerous locations where the Program was exhibited. Among the locations the auditors observed exhibiting the DeLaHoya/Mayweather match without authority to do so was that of the Defendants, **JUAN C. MORENO and LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT, and SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT.** Defendants' display of the event was verified by independent auditor Jeanette Rodriguez, attached to the Plaintiff's Affidavit as Exhibit C. The auditor entered the Defendant establishment without paying a cover charge and saw one television sets exhibiting a portion the encrypted broadcast to approximately 15 individuals in an establishment with a capacity of 60 people. The exhibition most likely led to an increased number of patrons and, thus, an increase in profits, all to the financial detriment of Plaintiff and its legitimate customers.

Additionally, auditor Jeanette Rodriguez video recorded Defendants television on the night in question. Attached as Exhibit 'C' of the Plaintiff's Counsel's affidavit is a cd disc, playable on a computer, of the video recorded by Jeanette Rodriguez. The video was taken outside Defendant's Restaurant and shows a close up of boxer Rey Baoutista at the end of a round. Rey Bautista is a boxer that boxed in the De La Hoya/Mayweather under card. See Exhibit 'D' of Plaintiff's Counsel's affidavit, an article from FightNews.com that confirms that Rey Baoutista boxed in the De La Hoya/Mayweather under card.

After proper service, the Defendants herein did not answer or otherwise appear in a timely manner, nor did they request an extension of time to file. Said Defendants are not infants or incompetents. Upon information and belief, the Defendants are not presently in the military service of the United States.

## NATURE OF DEFAULT

Defendants' default must be deemed an admission of the facts alleged in the complaint. Greyhound Exhibitgroup v. E.L.U.L. Realty Group, 973 F.2d 155 (2nd Cir. 1992). Plaintiff's complaint establishes the elements of liability required to state a claim under both 47 U.S.C. 553 and 47 U.S.C. 605. Under 553(a)(1) liability exists if a person intercepts or receives or assists in receiving any communication service over a cable system without authorization. Under 605(a) liability hinges on the interception of radio communications and its divulgence to any person. Defendants herein, by their default, have admitted that, without authorization from Plaintiff, they illegally intercepted the scrambled transmissions of the Program. Defendants have also admitted that knowingly and wilfully intercepting the programming, and offering it to patrons of the establishment for private financial gain or commercial advantage.

Plaintiff, by contract, was granted the right to distribute the Program scheduled for May 5, 2007, via closed circuit television. Pursuant to the aforesaid contract, Plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the program to their patrons. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the said boxing match to those entities within the State of New York who had contracted for same with the Plaintiff for exhibition to their patrons.

The Defendants and their agents, servants, workmen or employees, with full knowledge

that said closed circuit program was not to be received and/or exhibited by entities unauthorized to do so, did, at the time of its transmission, exhibit the closed circuit program at their principal place of business willfully, and for purposes of direct or indirect commercial advantage or private financial gain and with the intent of willfully defrauding Plaintiff of revenue.

The event in question originated via a satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.  Under Cablevision v. Sykes, 75 F.3d 123 (2nd Cir. 1996) piracy of a signal originating this way is a violation of 605(a). Because Plaintiff distributed the event via closed circuit cable television, piracy of their signal is also a violation of 553(a)(1).  Cablevision v. Sykes, 997 F.2d 998 (2nd Cir. 1993).  There are multiple illegal methods of accessing programing. Splicing an additional coaxial cable line or redirecting a wireless signal, from an adjacent residence and onto a business establishment, commercial misuse of cable or satellite by registering same as a residence when it is in fact, a business or taking a lawfully obtained box or satellite receiver from a private residence and into a business. All these methods could permit Defendants to access programming unlawfully. [1] While Plaintiff is unable to determine  the manner in which Defendants obtained the programing, it is logical to conclude that Defendants must have either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to  intercept Plaintiff's broadcast. This establishes Defendant's liability under both 553 and 605. Entertainment by J&J v. Mama Zee, 2002 U.S. Dist. LEXIS 13686 (E.D.N.Y.).

---

[1] In addition, emerging technologies, such as broadband or internet broadcast as well as " slingbox" technology, which allows a consumer to literally sling programming from their personal home cable or satellite systems and into their computers, can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

After trial Judge Chin of the Southern District of New York stated the following:

> Some courts considering similar facts have imposed damages based on a fixed amount per patron. See, e.g., *Garden City Boxing Club, Inc. v. Salcedo*, 2005 U.S. Dist. LEXIS 26478, No. 04 Civ. 5027, 2005 WL 2898233 ( S.D.N.Y. Nov. 3, 2005) ($300.00 per patron); *Time Warner Cable v. Goodies Luncheonette, Inc.*, 77 F. Supp. 2d 485 (S.D.N.Y 1999) ($50.00 per patron). Others have awarded a flat sum. See, e.g., *Garden City Boxing Club, Inc. v. Guzman*, 2005 U. S. Dist. LEXIS 7954, No. 03 Civ. 8776, 2005 WL 1153728 (S.D.N.Y Apr. 26, 2005 )($5,000.00); *Kingvision Pay-Per-View, ltd. v. New Paradise Rest.*, 2000 U. S. Dist. LEXIS 8792, No. 99 Civ. 10020, 2000 WL 378053 (S.D.N.Y. Apr. 11, 2000) ( $20,000). On motions for entry of default in cases involving this plaintiff and this fight I have awarded statutory damages of $5,000.00 for a violation of *Section 605 (e)(3)(C)(i)(II)* and an additional $5,000.00 for violations that were willful and for commercial gain. See, e.g. Garden City Boxing Club v. Rosa, No. 05 Civ. 6233 (DC); Garden City Boxing Club v. Ruiz, 05-Civ. 3408 (DC).
> 
> Here, the commercial rights for the de la Hoya/Hopkins fight would have cost Luischia approximately $2,000.00. In addition, I find that, more likely than not, one of the reasons defendants exhibited the fight was to realize increased profits from the sale of food and beverages, which profits should be disgorged. Finally, plaintiff is entitled to an enhancement of damages due to my finding that the defendants' conduct was willful and for commercial gain, although I am mindful that defendants run a small business, their profit from exhibition of the fight was likely minimal, and, although the amount of damages should be an adequate deterrent, the violation is not so serious as to warrant putting the restaurant out of business. Accordingly, I find that an award of an additional $10,000.00 ( for a total of $12,000.00) is fair and just, in light of all the circumstances.

See  <u>Garden City Boxing Club, Inc., v. Luis Polanco and Luischia Restaurant Corp.,</u>  2006 U. S. Dist. LEXIS 5010 at *15-*17 (S.D.N.Y. February 7, 2006).

When a Defendant is liable under both sections of the Federal Communications Act, Plaintiff can recover under only one section.  <u>Time Warner v. Taco Rapido</u>, 988 F. Supp. 107 (E.D.N.Y. 1997).  Plaintiff elects to recover under 605(a).  A claimant who has established

liability under 605(a) may elect between actual or statutory damages under 605(e)(3)(C)(i). Plaintiff elects for statutory damages pursuant to 605(e)(3)(C)(i)(II). Under 605(e)(3)(C)(ii) enhanced damages are available where the violation was willful and was committed for direct or indirect commercial advantage or private financial gain. As the Defendants exhibited the event in a commercial establishment, Plaintiff has pleaded the elements to establish a willful violation. <u>Entertainment by J&J v. Mama Zee</u>, 2002 U.S. Dist. LEXIS 13686 (E.D.N.Y.).

Congress, in its legislative wisdom, has decreed that substantial monetary damages be available as a deterrent to future unlawful behavior. Each decision to violate the law is a financial one. A Defendant who believes he can violate the law with impunity and never pay for his misdeeds, will continue to do so. Rampant piracy of events like the one in question will continue until Defendants realize it is just too expensive to keep stealing. As long as Defendants can attract patrons by exhibiting these events, and the cost of doing so is low, they will continue to be pirates. While Plaintiff has not submitted evidence of the exhibition of other events in this establishment, for most defendants, once the technology or plan is in place to pirate these events, they do so again and again. The Defendants' willful refusal to respond to the lawsuit hampers the Plaintiff in demonstrating how the event was stolen and how many additional events have been stolen in a similar manner. Defendants should not benefit from their refusal to participate in this lawsuit.

## DAMAGES

Pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), Defendants are indebted to Plaintiff for the unlawful exhibition for commercial advantage of the closed circuit television signal of the **DeLaHoya/Mayweather** boxing Event on May 5, 2007, in the sum of up to $10,000.00 in the discretion of the Court.

In addition, pursuant to 47 U.S.C. §605(e)(3)(C)(ii) Plaintiff is entitled to an additional statutory damage amount of <u>up to</u> $100,000.00 in the discretion of the Court for the intentional unlawful interception of the closed circuit television signal of the **DeLaHoya/Mayweather** boxing event on May 5, 2007. Enhanced damages under this provision were awarded in the Southern District of New York in <u>Kingvision v. Ruiz</u>, 2005 U.S. Dist. LEXIS 3856 (S.D.N.Y.) and <u>Garden City v. Guzman</u>, 2005 U.S. Dist. LEXIS 7954 (S.D.N.Y.) and <u>Cablevision v. Faschitti</u>, 1996. U.S. Dist. LEXIS 1212 (S.D.N.Y.), as well as <u>Kingvision v. Mi Palenque</u>, 04-cv-6566.

The Court in <u>Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.</u>, 219 F. Supp. 2d 769, 2002 U.S. Dist. LEXIS 16247 (S.D. Tx. 2002), noted that deterrence is one of the goals of 47 U.S.C. §605 and that to require the offending establishment to pay the price it would have paid had it legally contracted to exhibit the event "would do nothing to accomplish this objective of the statute." <u>Id.</u> at 776. The Court further addressed willfulness in its opinion, awarding enhanced damages:

> Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held conduct such as that of [defendant] in this case to be willful and for the purposes of direct or indirect commercial advantage or private financial gain.

<u>Id.</u> at 776 (citations omitted). The Court noted that "willfulness has been defined by the Supreme Court as 'disregard for the governing statute and an indifference for its requirements.'" <u>Cablevision Sys. N.Y. City Corp. v. Lokshin</u>, 980 F. Supp. 107, 114 (E.D.N.Y. 1997) (quoting <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 126, 83 L. Ed. 2d 523, 105 S. Ct. 613 at 613027 (1985)).

The Southern District of New York has held that "Signals do not descramble spontaneously, nor do television sets connect themselves to cable distributions systems." <u>Time Warner Cable of New York City v. Googies Luncheonette, Inc.</u>, 77 F. Supp. 2d 485 (S.D.N.Y. 1999).

Plaintiff urges that the maximum amount of statutory damages under 605(e)(3)(C)(i)(II), $10,000.00 be awarded in this case. Plaintiff further urges that substantial enhanced damages be added to it pursuant to 605(e)(3)(C)(ii) of <u>up to</u> $100,000.00. In deference to Plaintiff Counsel's obligation to zealously represent its client, the prayer below includes a prayer for the full statutory amount available to the Plaintiff.

## FEES AND COSTS

The Federal Communications Act provides that full costs, including attorney fees shall be awarded to an aggrieved party who prevails. J & J Sports Productions, is an aggrieved party in this case because it had a proprietary interest in the intercepted communications. <u>Garden City Boxing Club v. Ayisah</u>, 2004 U.S. Dist. 7687 (S.D.N.Y.) Plaintiff has expended filing fees, service of process costs, attorney fees, pursuing this case. <u>Garden City Boxing Club v. Guzman</u>, 2005 U.S.Dist. LEXIS 7954 (S.D.N.Y.), <u>Kingvision v. Medrano</u>, 2004 U.S. Dist. LEXIS 13282 (S.D.N.Y.), <u>Kingvision v. Recio</u>, 2003 U.S. Dist. LEXIS 10440 (S.D.N.Y.), <u>Time Warner Cable v. Evans</u>, 2001 U.S. Dist. LEXIS 16402(S.D.N.Y.), <u>Joe Hand Productions v. West</u>, 2000 U.S. Dist. LEXIS 15711 (W.D.N.Y.), <u>Main Event v. Batista</u>, 1999 U.S. Dist. LEXIS 2250, 1998 U.S. Dist. LEXIS 21492 (E.D.N.Y.).

## CONCLUSION

Plaintiff is entitled to a default judgment against Defendants holding them liable for a sum, in the discretion of the court of <u>up to</u> the sum $110,000.00 for violation of 605(a). Plaintiff

is also entitled to full litigation costs including attorney fees, and post-judgment interest. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in these default judgments as the interest of justice require the issuance of judgment as requested without further delay. The judgments requested herein are for a sum certain within the discretion of this court so no inquest is necessary. Plaintiff prays that this Motion be heard on submission.

**WHEREFORE,** your deponent respectfully requests that this Court in its discretion grant judgment by default under 605(a) on COUNT I of the Plaintiff's complaint against the Defendants as follows:

**Against, JUAN C. MORENO, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT,**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of SIX HUNDRED SIX DOLLARS AND TWENTY FIVE CENTS ($606.25)

**Against, LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of up to TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of up to ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of SIX HUNDRED SIX DOLLARS AND TWENTY FIVE CENTS ($606.25)

**Against, SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY**

**GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT**

1) under 605(e)(3)(C)(i)(II) a sum *in the discretion of the Court*, of <u>up to</u> TEN THOUSAND DOLLARS ($10,000.00)

2) and under 605(e)(3)(C)(ii) a sum *in the discretion of the Court*, of <u>up to</u> ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for enhanced damages for Defendant's willful violation of 605(a)

3) and under 605(e)(3)(B)(iii) *in the discretion of the Court*, costs and Attorney fees of SIX HUNDRED SIX DOLLARS AND TWENTY FIVE CENTS ($606.25)

Dated: March 17, 2008
      Ellenville, NY 12428              /s/ Julie Cohen Lonstein
                                          Julie Cohen Lonstein, Esq.
                                          Bar Roll No. JL8512
                                          Lonstein Law Office, P.C.
                                          Attorneys for Plaintiff
                                          1 Terrace Hill; PO Box 351
                                          Ellenville, NY 12428
                                          Telephone: 845-647-8500
                                          Fax: 845-647-6277

ECF CASE
JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 5, 2007**
**DeLaHoya/Mayweather** Program,

                            Plaintiff,        **RULE 54(b) STATEMENT**

   -against-

                                            Civil Action No.08-CV-952-SAS-JCF
                                            HON. SHIRA A. SCHEINDLIN

JUAN C. MORENO and LEODEGARIO ROJAS,
Individually, and d/b/a SPEEDY GONZALEZ
MEXICAN - AMERICAN RESTAURANT a/k/a
SPEEDY GONZALEZ a/k/a SPEEDY
GONZALEZ MEXICAN RESTAURANT,

and

SPEEDY GONZALEZ MEXICAN - AMERICAN
RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a
SPEEDY GONZALEZ MEXICAN
RESTAURANT,

                            Defendants.
-------------------------------------------------------------

      Plaintiff, J & J Sports Productions, Inc., as and for its Statement pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure hereby states as follows:

      There is no just reason for delay in this Default Judgment as the interest of justice require

the issuance of judgment as requested without further delay, as the defaulting Defendants are the

only remaining Defendants in this case.

Dated: March 17, 2008
       Ellenville, NY  12428

LONSTEIN LAW OFFICE, P.C.

By:  <u>/s/Julie Cohen Lonstein</u>
     Julie Cohen Lonstein
     Bar Roll No.  JL8521
     Attorney for Plaintiff
     1 Terrace Hill; PO Box 351
     Ellenville, NY 12428
     Telephone:  845-647-8500
     Facsimile:   845-647-6277

ECF CASE
JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
**J & J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the **May 5, 2007 DeLaHoya/Mayweather** Program,

                Plaintiff,

-against-

JUAN C. MORENO and LEODEGARIO ROJAS, Individually, and d/b/a SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT,

and

SPEEDY GONZALEZ MEXICAN - AMERICAN RESTAURANT a/k/a SPEEDY GONZALEZ a/k/a SPEEDY GONZALEZ MEXICAN RESTAURANT,

                Defendants

**STATEMENT FOR JUDGMENT**

Civil Action No.08-CV-952-SAS-JCF
HON. SHIRA A. SCHEINDLIN

-----------------------------------------------------------------

**Principal Amount**..............................................................................$    110,000.00

**Costs:**

    Filing Fees (per Defendant)............................................................$    116.66

    Process Server (per Defendant)......................................................$    116.66

    Attorney's Fee (per Defendant).....................................................$    372.91

**TOTAL (Per Defendant)**...................................................................$    110, 606.23

    ***BETWEEN $10, 000 - $110, 000 IN THE DISCRETION OF THE COURT***

          LONSTEIN LAW OFFICE, P.C.

By:  /s/  Julie Cohen Lonstein
    Julie Cohen Lonstein
    Bar Roll No. JL8521
    Attorney for Plaintiff
    1 Terrace Hill; PO Box 351
    Ellenville, NY 12428
    Telephone:  845-647-8500
    Facsimile:   845-647-6277